In re JUNGHANS.
Patent Appeal No. 4463.

Court of Customs and Patent Appeals.
June 9, 1941.

Emery, Varney, Whittemore & Dix, of New York City (Nichol M. Sandoe, of New York City, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the Primary Examiner rejecting, in view of the prior art, all of the claims, 11 to 19 inclusive, of an application for a patent for new and useful improvements in casting of hollow cast metal shapes.

Claims 11 and 13 are illustrative and read as follows:

"11. A method for the continuous casting of hollow metal castings in a mold having a core therein which comprises pouring molten metal continuously into one end of a mold, withdrawing solidified casting continuously from the other end, and subjecting one of the parts of said mold to vibrating movement transverse to the longitudinal axis of the mold during the casting operation."

"13. A method for the continuous casting of hollow metal castings in a mold having a core therein which comprises pouring molten metal continuously into one end of a mold, withdrawing solidified casting continuously from the other end, and vibrating both said mold and said core during the casting operation."

The references relied on are:

Armand et al., 550,089, November 19, 1895,

Van Ranst, 1,385,595, July 26, 1921, Coats, 1,503,479, August 5, 1924.

The claimed invention relates to a method for the continuous casting of hollow metal castings such as long tubes. The method is practiced in an apparatus comprising an outer mold in the center of which there is a core. The molten metal is continuously poured into the space between the core and the outer mold, and as the metal hardens in its lower portion the casting is continuously withdrawn from the bottom opening of the mold. There is a tendency on the part of molten metal when it hardens to contract or shrink around a core, and the claimed invention here purports to eliminate this difficulty. This is done, according to the specification herein, by subjecting the core or the mold or both to to-and-fro oscillating movements or to vibrations, or to both. In this method, it is stated, "it becomes possible to produce smooth and even hollow castings by a continuous process and to attain always a good loosening of the freezing metal from the walls of the outer mold as well as from the core." The claimed novelty resides in the oscillation and vibration as described.

The Armand et al. patent relates to a machine for casting ingots or tubes of greater length than the mold. For the production of tubing the machine is provided with a core and an outer mold, either or both of which are reciprocated in the operation of casting, or if desired the mold or the core may be rotated, or reciprocation and rotation may take place simultaneously. The purpose of the reciprocation and rotation is to keep the metal from "freezing" to the mold or the core.

The Van Ranst patent relates to a method and apparatus for the casting of bars and the like of metal, in which a solid mold of relatively short length may be used for the production of bars of any desired length. The mold in the machine is made to vibrate rapidly in a vertical direction, which prevents the metal from "freezing" to the mold as it is being hardened.

The Coats patent relates to the process and apparatus for the continuous casting of rods, tubes or bars of metal. When the apparatus is employed for the production of tubes or other hollow objects, a mandrel is provided so that an annular space is made between the outer mold and the mandrel. Into this space the molten metal is poured. The mandrel is preferably tapered

so as to free the tube as it descends. It extends into the zone of unsolidified metal and adjacent the crucible and is provided with internal cooling means. Lubricant is supplied through a series of small apertures in the mold at or below the point where solidification of the metal begins. The internal surface of the casing or outer mold is preferably tapered outwardly toward the bottom, but the walls may be parallel for the casting of metal such as lead.

The examiner rejected all of the claims as lacking invention over Armand et al.; and claims 13 and 14 were further rejected on the patent to Coats in view of the Van Ranst patent. He held that the Armand et al. patent, which discloses a method of continuously casting hollow metal castings in a mold having a core, and withdrawing the solidified casting continuously from the lower end, completely anticipated claims 11, 12, and 16 to 19 inclusive, for the reason that in his opinion the rotation disclosed in the patent is in a patent sense the same as the vibration called for by these claims. In this connection the examiner stated as follows: " * * * The rotation of Armand et al. is a slow rotation (this is shown by the use of the core 2 and by the shape of the molten metal shown in Fig. 2). Consequently, no material amount of centrifugal force is involved, so that the only function of this rotation is to produce a movement in the nature of applicant's vibration. It follows, therefore, that this rotation is the equivalent of applicant's vibration transverse to the longitudinal axis of the mold, for it performs the same function in substantially the same manner. Applicant has not shown how his 'vibrations' will produce any result not produced by the Armand et al. rotation. Incidentally any machine with as many moving parts as that of Armand et al. will vibrate considerably. * * *" As far as claims 13, 14 and 15 are concerned, the examiner had, in part, the following to say: " * * * In the first place, as pointed out above, the Armand et al. rotation is the equivalent of applicant's vibration. In the second place, the reciprocation of the Armand et al. members 1 and 2 may be described as vibrating movement, since the terms, 'oscillations' and 'vibrations,' are generally synonymous."

As to the further rejection of claims 13 and 14 as unpatentable over the Coats re-

ference, it will be noted that the said reference discloses a process for casting hollow metal articles comprising pouring molten metal continuously into one end of a mold and withdrawing the solidified casting continuously from the other end.

The Board of Appeals pointed out that in the application drawing no kind of a vibrator is shown, but that the specification discloses the vibrations may be imparted in any desired direction and by the use of any well known means, as, for instance, a hammer. The board stated in its decision: "All of these vibrations are equivalent in the method, and the limitations with respect thereto in some of the claims are considered to be of no patentable significance."

Vibration is a process of agitating or shaking. It is also a kind of oscillation. The Armand et al. patent certainly discloses a constant shaking up and down of the mold or core or both in a vertical direction. The Van Ranst patent likewise suggests vibrating such a mold rapidly and in an up and down direction. The patent to Armand et al. also clearly discloses a slow rotation of the mold parts, and this, together with the constant shaking up and down of the mold or core or both in a vertical direction, embraces any movements that are defined in the claims. Certainly when the reciprocation and rotation in the Armand et al. patent are working simultaneously it seems to us that vibration longitudinally and horizontally must necessarily occur. In our opinion, therefore, the claims were properly rejected upon the cited references.

We are unable to perceive any error in the decision appealed from, and accordingly the decision of the Board of Appeals is affirmed.

Affirmed.